**Jane Barrow EMERSON, Appellant-Respondent,**

v.

**William S. EMERSON, Appellant-Respondent.**

**No. 24647.**

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1967.

R. A. Brown, Brown, Douglas & Brown, St. Joseph, for appellant.

Ronald Reed Jr., Reed & Reed, St. Joseph, for respondent.

SPERRY, Commissioner.

This is an appeal from an order and decree modifying a previous order touching the custody of William Barrow Emerson.

Mrs. Jane Barrow Emerson will be referred to as plaintiff. Mr. William S. Emerson will be referred to as defendant. Plaintiff had, in a previous action, obtained a decree of divorce from defendant. This decree was entered April 30, 1964. Plaintiff was given custody of Barrow. It was ordered that defendant should have certain rights of visitation.

The parties all lived in St. Joseph, Missouri, at that time. During the summer of 1965, plaintiff wished to go to California, taking Barrow, for a visit. The plaintiff and defendant met and plaintiff signed a "declaration of intent", prepared by their attorneys. Plaintiff therein declared that she intended going to California for a visit but she would return to St. Joseph. However, some time thereafter, plaintiff announced her determination to establish her permanent residence in California. Thereupon, defendant filed a motion to cite plaintiff for contempt but that motion was never ruled. Later, plaintiff returned to Missouri and the original custody order was modified regarding visitation provisions.

Sometime prior to March 11, 1966, plaintiff determined to marry Captain Roberts, U.S.N., who was then stationed in California. They were married April 2, 1966, after Captain Roberts had received orders, on March 11, to report as commanding officer of the Naval Air Station at Subic Point, Philippine Islands. Because of these happenings plaintiff filed a motion to modify the last order regarding visitation rights of defendant on alternate Christmas days, and in other respects. Defendant filed a motion requesting full and complete care, custody and control of Barrow.

After a hearing, the court ordered that plaintiff be permitted to take Barrow to the Philippine Islands and to establish a residence there; but it was ordered that Barrow was to be returned to St. Joseph, at plaintiff's expense, from June to August of each year, to visit defendant. Both parties appealed from that order. The appeals have been ordered consolidated.

Plaintiff requests full time custody of Barrow at her home in the Philippine Islands, and objects to that provision of the order which requires her to return him to St. Joseph, from June until August, in order to permit his visitation with defendant in St. Joseph, Missouri. Defendant requests full time custody but, if plaintiff is given the custody of Barrow at her home, he asks that she be required, at her own expense, to return him to Missouri from June until August for visitation with him.

Captain Roberts stated that he will welcome Barrow as a member of his family, furnish him with a good home, give him excellent educational opportunities, and will give him kindly treatment, social training, and friendly companionship. Plaintiff has an annual income of her own of three thousand dollars from investments. Her mother is financially "well to do" and has given her substantial sums of money during past years. At the time of the trial she was thirty six years of age. Defendant's son, by a former marriage, remained in the family home with plaintiff, following the divorce. This arrangement was one of convenience and considered best by defendant at that time. Defendant voluntarily paid plaintiff fifty dollars per month support money for each of the boys until she removed to California when he discontinued payments for the son of the former marriage, who remained in Missouri.

Defendant was forty eight years of age at the time of the trial. He was a Lieutenant in the U.S. Navy at and prior to the time of his marriage but his service was terminated because of lack of college credits, in 1955. He is now a Lieutenant Commander, U.S. Naval Reserve, Aviation. His employment is as a salesman. He earns three hundred dollars per month, plus an undisclosed amount as a naval reserve officer. He is a student at the State College of Maryville, Missouri, working for a degree that will permit his entry into the teaching profession. His other son is nineteen years of age now, and a naval enlistee. Defendant intends to marry a woman student at the college he attends. She has two sons, the eldest of whom is near the age of Barrow. All of the children are former playmates when both families lived in St. Joseph. Nothing derogatory concerning the moral or religious character and conduct of the defendant was shown.

The evidence is overwhelmingly to the effect, and it is admitted by the parties, that they are wholly incompatible; that they cannot "communicate"; that plaintiff is a screamer and defendant is a shouter; that they engage in this conduct in private, in public, and by telephone; that they communicate only through their attorneys; that they have not been able to come to any reasonable agreement of any kind; that they will never be able to do so. It is apparent that they will not amicably share a divided custody, whether they live in the same town or separated by eight thousand miles.

It appears from the evidence that plaintiff is and will be, financially, at least, able to furnish Barrow a stable home and family life and that defendant's future is unclear at this time. He has no suitable home to which he can take Barrow. He cannot, at this time, personally spend much time in company with his son, regardless of his love for him and his desire to do so. This twelve year old child, if custody is awarded to defendant, would actually be required to live, for the most part, with people other than either of his parents. That is not in his best interests.

The *best* interests of any child require that he be reared in a congenial atmosphere, in a home where both parents can counsel, advise and discipline him, and where each parent will contribute to his daily social training and education. But that cannot be when the marriage is dissolved because of the failure of the parents (or either of them) to subordinate their passions and extremisms to the in-

terests of the children of the marriage, as occurred in this case.

■ It is not necessary to cite authority for the proposition that, in cases such as this, the child's best interests will be kept in mind and the interests, convenience, and wishes of either or both parents will be subordinated to the interests of the child of a broken marriage. However, whenever reasonably possible, each parent should have the opportunity to be with the child for periods so that each may contribute his or her special talents, to the end that the child will be emotionally and socially well balanced.

The evidence here is that, in order to permit defendant to visit with Barrow, if his home is to be in the Philippines with plaintiff during the two year tour of duty which Captain Roberts will be required to serve, Barrow will be required to make an eight thousand mile trip, each way, at a cost of more than one thousand dollars. This would be a heavy financial burden for plaintiff to bear since it is shown that her net income is three thousand dollars per year. Furthermore, the trip by air would require changing planes at Los Angeles International Air Port, one of the largest in the world. He would be required to travel from two to three miles across the crowded field, from one plane to another. The plane would make two landings between Los Angeles and Manila, where he would be required to travel on a second rate road sixty miles, three hours, to Subic Point. The overall trip, one way, would require at least twenty four hours.

■ Because of the foregoing considerations we believe it to be in the best interests of Barrow that full time custody be ordered continued in plaintiff; that he not be returned to Missouri yearly for visits with defendant; that defendant pay to plaintiff fifty dollars monthly child support for Barrow; and that defendant be given the right of visitation with his son, wherever he may be, at all reasonable times.

The judgment is reversed and the cause is remanded with directions that the court enter a new judgment in accordance with the above findings and conclusions.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.